IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VANESSA WINCHESTER-SYE, | ) Civ. No. 12-00592 ACK-KSC |
| Plaintiff, | ) |
| v. | ) |
| COUNTY OF HAWAII and DOES 1-10, | ) |
| Defendants. | ) |

### ORDER GRANTING MOTION TO AMEND JUDGMENT

For the following reasons, the Court GRANTS Plaintiff's Motion To Alter Judgment. Plaintiff's claims for assault and battery against the County of Hawaii on a theory of respondeat superior are dismissed WITHOUT PREJUDICE. In all other respects, the Court's Order of March 18, 2013 stands. Plaintiff must file any further amended complaint within seven days of the issuance of this Order.

### FACTUAL & PROCEDURAL BACKGROUND[1/]

This action arises from County of Hawaii police officers' alleged forcible restraint and transport of Plaintiff Vanessa Winchester-Sye.

On March 18, 2013, the Court issued an Order granting the County's motion to dismiss Winchester-Sye's Complaint. (Doc. No. 23.) In that Order, the Court found that Winchester-Sye's Complaint contained detailed factual allegations concerning individual County employees' acts, but that its allegations

---

[1/] The broader factual and procedural background to this action was described in the Court's Order of March 18, 2013. (Doc. No. 23.)

against the County were unspecific and largely boilerplate. (Id.) The Court therefore dismissed Winchester-Sye's claims against the County without prejudice, with the exception of her claims of assault and battery on a theory of respondeat superior, which the Court dismissed with prejudice, citing Hawaii Revised Statutes § 662-15(4). (Id. at 7.) The Court gave Winchester-Sye thirty days to file an amended complaint. (Id. at 1.)

On April 11, 2013, Winchester-Sye filed a Motion To Alter Judgment, requesting that the Court amend its Order to dismiss the claims of assault and battery against the County without prejudice. (Doc. No. 25.) On April 12, 2013, the County filed an opposition to the Motion, making purely procedural arguments as to why the Court should not consider the merits of the Motion. (Doc. No. 27.) The Court therefore issued a minute order stating that it would consider the Motion on its merits, designating the Motion as a non-hearing motion under Local Rule 7.2(d), and giving the County until April 25, 2013, to file an opposition arguing its merits. (Doc. No. 29.) The Court noted that its consideration of the Motion would toll Winchester-Sye's deadline to file an amended complaint. (Id.)

Neither party appears to have read the Court's minute order. Winchester-Sye filed a First Amended Complaint on April 17, 2013. (Doc. No. 33.) The County did not file any opposition on the merits of the Motion by the deadline.[2] Winchester-Sye

---

[2] On April 26, 2013, the day after the deadline for the County's merits opposition, the undersigned's law clerk called
(continued...)

filed a Reply to the County's procedural opposition on April 25, 2013. (Doc. No. 35.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move the Court to alter or amend a judgment after its entry. Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 741 (9th Cir. 2001) (citation omitted). A Rule 59(e) motion may not, however, be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Id.; Kona Enters, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

A district court has "considerable discretion" when considering a Rule 59(e) motion. Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Amendment should be granted "sparingly," however, "in the interests of finality and conservation of judicial resources." Kona Enters., 299 F.3d at 890 (citation omitted).

## DISCUSSION

The Court agrees with the analysis laid out in Plaintiff's Motion To Alter Judgment. The Supreme Court of

---

[2/] (...continued)
counsel for the County, who confirmed that he would not be filing an opposition on the merits.

Hawaii has held that Hawaii's State Tort Liability Act, Haw. Rev. Stat. ch. 662, does not impact the tort liability of the State of Hawaii's political subdivisions. Kahale v. City & Cnty. of Haw., 90 P.3d 233, 237 (Haw. 2004). In Kahale, the state supreme court overruled its earlier precedent and found that the City and County of Hawaii has no sovereign immunity to waive. (Id. at 238 (quoting with approval Salavea v. City & Cnty. of Honolulu, 517 P.2d 51, 55 (Haw. 1973) (Levinson, J., concurring and dissenting)).

Since Hawaii Revised Statutes § 662-15(4) does not apply to Winchester-Sye's assault and battery claims against the County, the Court finds no reason to dismiss them at all. Winchester-Sye's Motion, however, requested merely that the Court amend its previous Order to dismiss the assault and battery claims without prejudice. The Court therefore amends its Order of March 18, 2013, as follows:

1.  On Page 1 of the Order, the words "except for her claims against the County for assault and battery, which are DISMISSED WITH PREJUDICE" are deleted.

2.  On Page 7 of the Order, the bottom paragraph is deleted in its entirety and is replaced with the following: "In subsequent briefing, however, Winchester-Sye requested that the Court dismiss these claims without prejudice. The Court therefore DISMISSES the assault and battery claims against the County WITHOUT PREJUDICE."

3.  On Page 9 of the Order, the words "except her claims against the County for assault and battery on a theory of respondeat superior, which are DISMISSED WITH PREJUDICE" are deleted.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion To Alter Judgment (Doc. No. 25) and amends its Order of March 18, 2013 as described above. In all other respects, the Court's Order of March 18, 2013 stands. Plaintiff filed an amended complaint while this Motion was still pending (see Doc. No. 33); Plaintiff may file any further amended complaint within seven days of the issuance of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 30, 2013

_____
Alan C. Kay
Sr. United States District Judge

Winchester-Sye v. Cnty. of Haw., Civ. No. 12-00592 ACK KSC, Order Granting Motion To Amend Judgment